UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **In Re: Ryan A. Smith** | ) | **16 B 33873** |
| | ) | |
| Debtor(s) | ) | **Judge Deborah L. Thorne** |

*Notice Of Motion/ Certificate Of Service*

Ryan A. Smith
3831 N. Fremont Apt. 111
Chicago, IL 60613
*Via U.S. Mail*

David H. Cutlter
Cutler & Associates
*Via ECF noticing procedures*

On **August 7, 2019 at 9:00 AM,** I will appear in:

Courtroom 613
219 S Dearborn St
Chicago, IL  60604

and present this Motion, a copy of which is hereby served upon you.

I certify under penalty of perjury that I mailed a copy of this notice to the above listed persons by first class US mail, postage prepaid, or as otherwise listed on July 17, 2019.

/s/ A. Stewart Chapman
for Marilyn O Marshall, Trustee

Office of the Chapter 13 Trustee
Marilyn O Marshall
224 South Michigan Ave.
Suite 800
Chicago, Illinois 60604
312-431-1300

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In Re:  Ryan A. Smith** | ) | **16 B 33873** |
| | ) | |
| Debtor(s) | ) | **Judge Deborah L. Thorne** |

*Motion to Modify Plan*

NOW COMES Marilyn O. Marshall, Standing Trustee, and requests that the Debtor's confirmed Chapter 13 Plan be modified pursuant to 11 USC Section 1329, and in support thereof states as follows:

1. The Debtor filed for relief pursuant to Chapter 13 on October 24, 2016.

2. On January 9, 2017, the Debtor's Plan was confirmed.  The Order confirming the Debtor's Chapter 13 Plan requires that the Debtor make plan payments in the amount of $150.00 for a term of 36 months, providing that the unsecured creditors receive not less than 13% of their allowed claims.

3. The Debtor's confirmed plan requires the Debtor to tender copies of Debtor's tax returns to the Trustee on an annual basis.

4. According to the Debtor's 2018 tax returns, Debtor's annual gross income has increased from $36,816.00, at the time the case was filed to $56,200.00.  This equates to an increase in Debtor's monthly net income from the $2,392.00 listed on Debtor's Schedule I to approximately $3,522.73.  The Debtor is now above the median income for the State of Illinois.

5. Presumably, the Debtor therefore has an additional $1,130.73 in disposable income that should be committed to the Debtor's plan payments.

6. The Debtor has to date not asked this court to increase Debtor's plan payments for the benefit of creditors while Debtor's income has increased in the past year.

7. The Debtor's post-petition wages are property of the bankruptcy estate pursuant to 11 U.S.C. §1306.

8. The Trustee has not received the final payments on this case and at filing there remains a balance due of approximately $2,043.14.

WHEREFORE, the Trustee prays that the debtors' plan be amended to increase the Debtor's plan payments from $150.00 to $1,280.00 per month, general unsecured creditors be paid a minimum of 100% of their claims, the plan term is extended to 60 months from the date of case filing, and for any further relief this court deems appropriate.

Respectfully submitted,

/s/ A. Stewart Chapman
for Marilyn O Marshall, Trustee

Office of the Chapter 13 Trustee, Marilyn O. Marshall
224 South Michigan Ave., Suite 800
Chicago, Illinois 60604
(312) 431-1300